* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Chhun argues that the BIA erred by holding that he poses a danger to the security of the United States. This argument is foreclosed by the INA. Under 8 U.S.C. § 1231(b)(3)(B)(iv), any alien who engaged in terrorist activities is one for whom there are "reasonable grounds to believe that the alien is a danger to the security of the United States." Such aliens are statutorily ineligible for withholding of removal.

Petition for review **DENIED.**

**Sherie C. CAMPBELL, Plaintiff—Appellant,**

v.

**CITY OF BOISE, a municipal corporation; Kevin Holtry, a Boise Police Officer in his personal capacity; Brek Orton, a Boise Police Officer in his personal capacity, Defendants—Appellees.**

No. 08–35683.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 3, 2009.*

Filed Sept. 11, 2009.

R.App. P. 34(a)(2).

Randall S. Grove, Grove Legal Services, PLLC, Nampa, ID, for Plaintiff–Appellant.

Scott B. Muir, Esquire, Assistant City, Boise City Attorney's Office, Boise, ID, for Defendants–Appellees.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM **

Sherie Campbell ("Campbell") appeals an adverse grant of summary judgment on her state law claims against the City of Boise, Idaho ("Boise"), for unlawful search and unlawful arrest under the Idaho Constitution and the denial of her motion to remand these claims to state court.

After properly dismissing Campbell's 42 U.S.C. § 1983 claims in light of *Virginia v.*

*Moore*, —— U.S. ——, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008), the district court granted summary judgment on Campbell's remaining state law claims rather than remanding them to Idaho state court because no Idaho authority suggests the existence of statutory or direct causes of action for violations of the Idaho Constitution.

As the district court noted, although no Idaho state appellate court has resolved the question, all relevant state district court decisions hold no such causes of action exist. *See Bjorkman v. Moscow Sch. Dist. No. 281*, Case No. CV–97–00898, at *8 (D. Idaho, filed Nov. 29, 1999) (citing *Spurrell v. Bloch*, 40 Wash.App. 854, 701 P.2d 529, 535 (Wash.Ct.App.1985)); *Leibe v. Idaho Falls Sch. Dist. No. 91*, Case No. CV–97–1101, at *21 (D. Idaho, filed Sept. 16, 1998) (a state constitutional guarantee does not establish a cause of action "without the aid of augmenting legislation") (citing *Spurrell*, 701 P.2d at 535); *Willie v. Oneida Sch. Dist. No. 351*, Case No. CV–04–537–E–50 (D. Idaho, filed Jan. 17, 2001) (no state constitutional cause of action exists where separate legislation outlines due process rights of an annual contract teacher).

Given the absence of any state authority in support of Campbell's theory of recovery, the district court did not abuse its discretion by granting summary judgment. Federal courts may exercise jurisdiction over remaining state law claims when, as here, judicial economy, convenience, fairness, and comity support that result. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). We will affirm a district court's application of these factors unless "the ju-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

dicial action is arbitrary, fanciful or unreasonable" or no reasonable person would take the view adopted by the trial court. *Peek v. United States,* 321 F.2d 934, 942 (9th Cir.1963) (citations omitted).

To prevail on remand, Campbell would have had to convince the Idaho courts to recognize, for the first time, either a direct cause of action for constitutional violations or an unprecedented reading of the Idaho Tort Claims Act, Idaho Code § 6–903(a). Even if she were to succeed in doing so, Campbell's claim would still fail unless an Idaho court also found that her arrest and the search incident to it were unlawful under Article 1, § 17 of the Idaho Constitution, an unlikely event in light of *Virginia v. Moore,* 128 S.Ct. 1598.

Under these circumstances, the district court's actions were not "arbitrary, fanciful or unreasonable." *Peek,* 321 F.2d at 941 (citation omitted).

**AFFIRMED.**